UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 05-23293-CIV-MORENO

RONNIE JOHNSON,

    Petitioner,

vs.

JAMES McDONOUGH, Secretary of Florida
Department of Corrections,

    Respondent.
_____/

## ORDER DENYING PETITION

Ronnie Johnson, a state prisoner sentenced to death, filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 alleging sixteen claims that would entitle him to relief.[1] For the reasons explained below, the Court denies the petition as untimely.

## BACKGROUND

On April 12, 1989, Petitioner was charged by indictment with the murder of Lee Arthur Lawrence and the attempted murders of Bernard Williams and Josias Dukes. Following a jury trial in state court, Petitioner was convicted of first-degree murder. See Johnson v. State, 696 So. 2d 317, 319 (Fla. 1997). The jury recommended the death penalty by a margin of nine to three, and Petitioner was sentenced to death. Id. On appeal, the Supreme Court of Florida affirmed

---

[1] Petitioner also filed a petition under companion case number 05-23292-CIV-MORENO, seeking relief from a death sentence for a second murder conviction in state court stemming from the death of Tequila Larkins. Both cases involve murders-for-hire.

Petitioner's conviction and sentence. Id. at 326. The Florida Supreme Court summarized the facts of the case as follows:

> Lee Arthur Lawrence was murdered on March 20, 1989. Four suspects were charged in the crime. Petitioner and Bobbie Robinson were convicted, in separate trials, of first-degree murder and sentenced to death. David Ingraham was convicted of first-degree murder and sentenced to life in prison. Rodney Newsome was convicted of second-degree murder and sentenced to twenty-two years in prison. The relevant incident occurred in the evening of March 20, 1989, at Lee's Grocery in Dade County. Working in the store at the time of the shooting were Valerie Briggs[2] and Juanita Meyers.[3] Bernard Williams had come to the store with his dog.[4] He was Meyers' boyfriend. Before closing time, Briggs asked Meyers to take the trash outside. At that time, the owner (and victim) Lawrence left his office and went to the parking lot. Williams also exited to check on his dog. Outside, customer Josias Dukes was using a telephone. Due to his vantage point, Dukes was able to identify Ingraham as the perpetrator who carried the Uzi, a semiautomatic firearm. With these persons present, the violence began. Ingraham opened fire on Bernard Williams. Williams was hit in the back and fell to the ground. Ingraham then shot at Lawrence. Lawrence also fell to the ground. At this point, Petitioner exited the store (he had been making a purchase inside) and started firing his revolver at Lawrence. Ingraham started firing shots at Dukes. Both Ingraham and Petitioner fired stray shots in various directions. Lawrence was killed in this incident. Neither Dukes nor Williams died.

Id. at 319.

Petitioner's conviction and sentence became final when the United States Supreme Court denied *certiorari* review on February 23, 1998. Johnson v. Florida, 522 U.S. 1120 (1998). On March 1, 2001, Petitioner filed for postconviction relief pursuant to Fla. R. Crim. P. 3.850. After conducting an evidentiary hearing on the claim that counsel was ineffective for failing to

---

[2] Valerie Briggs was also in the laundromat in which Tequila Larkins was murdered on March 11, 1989 in the companion case 05-23292-CIV-MORENO.

[3] Apparently "Tyrone" also worked that day. There is no indication that he witnessed the murder.

[4] The dog was killed during this shooting incident.

investigate Petitioner's mental health, the trial court denied the motion for postconviction relief. See Johnson v. State, 903 So. 2d 888, 892 (Fla. 2005).

Petitioner appealed the denial of his postconviction motion and sought state *habeas* relief. Id. On March 31, 2005, the Florida Supreme Court affirmed the denial of postconviction relief and denied the state *habeas* petition. Id. at 901. The Florida Supreme Court rejected Petitioner's various claims of ineffective assistance of counsel regarding the failure to present mental health mitigation, the *voir dire*, the suppression and impeachment of a witness, and the jury instructions. Id. The Florida Supreme Court issued its mandate on June 13, 2005.

On August 24, 2005, Petitioner filed a petition for writ of *certiorari* regarding the denial of collateral relief. The United States Supreme Court denied *certiorari* on December 5, 2005. Johnson v. Florida, 126 S. Ct. 802 (2005). On December 22, 2005, Petitioner filed a Petition for Writ of *Habeas Corpus* with this Court asserting sixteen claims for relief that consist of various ineffective assistance of counsel and constitutional grounds. For the following reasons, the petition is dismissed as untimely.

## STATUTE OF LIMITATIONS

Section 2241(d)(1) of Title 28 of the United States Code provides that a petitioner must file his federal petition for writ of *habeas corpus* within one year of when his state conviction and sentence became final. Petitioner's conviction and sentence became final on February 23, 1998 when the United States Supreme Court denied his petition for *certiorari* on direct appeal. On that date, Petitioner had a one year limitations period to file his federal *habeas* petition

pursuant to 28 U.S.C. § 2244(d)(1). The period for filing a federal *habeas* petition is tolled only during the pendency of a properly filed state postconviction or other collateral review proceeding. 28 U.S.C. § 2244(d)(2) (2006). Petitioner had postconviction proceedings pending in Florida's state courts between March 1, 2001 and June 13, 2005. During that time, the one year limitations period for filing was tolled. Petitioner filed this federal *habeas* petition on December 22, 2005.

The State aptly argues that because more than one year passed between the time that Petitioner's conviction became final and the filing of the federal *habeas* petition, during which time nothing was pending in state court, this matter is barred by the statute of limitations, under 28 U.S.C. § 2244(d)(1). This Court agrees.

In Gordon v. Department of Corrections, __ F.3d __, No. 06-15783, 2007 WL 609788 (11th Cir. Mar. 1, 2007), the petitioner's conviction and sentence became final on April 17, 1998. He then filed for state postconviction relief on February 17, 1999, which started the tolling and left 59 days of the one year limitations period. Id. at *1. However, the time began to run again once the Florida Supreme Court issued its mandate on January 9, 2004, and the petitioner did not file his petition for writ of *habeas corpus* until December 9, 2004, making his application 296 days too late. Id. The Eleventh Circuit affirmed the district court's dismissal of the petition holding that petitioner's arguments were "foreclosed by binding precedent." Id. at *2. The facts here are even more damaging to Petitioner. Here, the limitations period had already ended before Petitioner even filed for state postconviction relief. Therefore, the tolling provision under § 2244(d)(1) does not aid this petition.

Petitioner asserts that 28 U.S.C. § 2244(d)(1)(B) is applicable to his petition. Under this provision, the statute of limitations does not begin to run until "an impediment to filing an

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Id. § 2244(d)(1)(B). In applying this exception, Petitioner bears the burden of showing that the alleged impediment was created by illegal state action and the impediment prevented him from filing the action. See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000).

Petitioner argues that the state action at issue was the allegedly late provision of postconviction counsel and the alleged ineffective assistance of his first postconviction counsel. Neither of these claims render § 2244(d)(1)(B) applicable. Petitioner does not contend that any alleged state action prevented him from filing a federal *habeas* petition. Instead, Petitioner submits that state action allegedly prevented him from filing a timely motion for postconviction relief in state court. Additionally, there is no constitutional right to the appointment of postconviction counsel. Murray v. Giarratano, 492 U.S. 1 (1989). A state's creation of such a right to counsel under state law does not create a constitutional violation when there is a problem with the appointment of counsel. Pennsylvania v. Finley, 481 U.S. 551, 557-58 (1991). In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court rejected a claim that ineffective assistance of postconviction counsel constituted cause to overcome a procedural default. Id. at 752-57. For those reasons, Petitioner's arguments fail.

In Lawrence v. Florida, 421 F.3d 1221 (11th Cir. 2005), aff'd, 549 U.S. ___ (2007), the Eleventh Circuit rejected a claim that the alleged provision of incompetent postconviction counsel under Florida's method for providing postconviction counsel to death row inmates satisfies the requirements of § 2244(d)(1)(B). Id. at 1226. The United States Supreme Court granted *certiorari* to review this Eleventh Circuit case and issued a seminal opinion to address

whether a state application is still "pending" when the state courts have entered a final judgment on the matter but a petition for *certiorari* has been filed with the United States Supreme Court. Lawrence v. Florida, 549 U.S. ___ (2007), slip op. at 1 (Feb. 20, 2007). Justice Thomas wrote for a 5-4 majority affirming the Eleventh Circuit's decision and holding that it is not. Id. Once a state's high court has denied postconviction relief, the state court has conclusively spoken on the matter. Id. At that moment, no state proceeding remains pending to toll the limitations period. A subsequent *certiorari* petition is a separate proceeding pending before a federal court. Id. at 4.

However, the defendant in Lawrence did not seek *certiorari* on the issue of whether delays in Florida's program for appointing postconviction counsel entitled him to equitable tolling. Id. n.1. Lawrence was able to file his postconviction petition on time in spite of these delays. Id. Petitioner here, however, did not. His postconviction motion was filed over three years after his convictions and sentences became final. To the extent that Petitioner cites delays in appointing postconviction counsel, it should be noted that Petitioner's initial postconviction counsel was appointed on August 6, 1998. Without addressing whether delays in postconviction counsel appointment warranted equitable tolling, the Supreme Court in Lawrence held that a "State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay. Lawrence has not alleged that the State prevented him from hiring his own attorney or from representing himself. It would be perverse indeed if providing prisoners with postconviction counsel deprived States of the benefit of the AEDPA statute of limitations." Lawrence, 549 U.S. ___, at 9. The same rationale applies here where since Petitioner's conviction had become final on February 23, 1998, Petitioner still had six months remaining on the statute of limitations to file a federal *habeas* petition.

Regarding Petitioner's claims of attorney incompetence, the Supreme Court in Lawrence held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Id. at 8.  Following the Supreme Court's decision in Lawrence, the Eleventh Circuit held that the running of the § 2244(d) state of limitations is not equitably tolled when the failure to file on time is the fault of capital case counsel specially appointed and supervised by Florida courts.  Gordon, __ F.3d __, 2007 WL 609788, at *2.

Furthermore, Congress added 28 U.S.C. § 2254(i) when it enacted the AEDPA.  This section specifically provides:  "The ineffectiveness or incompetency of counsel during Federal or State collateral postconviction shall not be a grounds for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  Collateral attorney misconduct also would not meet the definition of the requirements for equitable tolling.  To meet those requirements, a defendant must present extraordinary circumstances external to his own conduct.  Jones v. United States, 304 F.3d 1035 (11th Cir. 2002).  As the United States Supreme Court recognized in Coleman, collateral counsel's misconduct is not external to the defendant.  501 U.S. 722, 752-57.

As a final attempt to save his petition, Petitioner suggests that because his state motion for postconviction relief was deemed timely, so should his federal *habeas* petition.  However, the Eleventh Circuit has rejected this argument in the past.  That a state court may give a defendant more time to seek postconviction relief than is available under section 2244(d) does not render a federal *habeas* petition timely.  Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001).  Despite this

argument, Petitioner's federal *habeas* petition is time barred.[5]

WHEREFORE, for the foregoing reasons, the petition is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of March, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Charles White, Esq.
Charles J. Crist, Attorney General of Florida

---

[5] Because the Court reaches its decision based on timeliness, it does not address Petitioner's other grounds for relief.